# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

FRANCISCO RIVERA-
MONTANEZ,

      Petitioner,

      v.

JOHN KERESTES,

      Respondent.

CIVIL ACTION NO. 3:13-cv-02964

(MARIANI, J.)
(SAPORITO, M.J.)

## REPORT AND RECOMMENDATION

On December 10, 2013, the Court received and filed a *pro se* petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254, signed and mailed by the petitioner, Francisco Rivera-Montanez on December 5, 2013. (Doc. 1). At the time, Rivera-Montanez was incarcerated at SCI Mahanoy, which is located in Schuylkill County, Pennsylvania.

I.   STATEMENT OF THE CASE

### A. Procedural History

On January 25, 2011, following a jury trial, Rivera-Montanez was convicted of two counts of possession with intent to deliver a controlled substance and one count of criminal conspiracy. *Commonwealth v. Rivera-*

*Montanez*, Docket No. CP-21-CR-0000749-2010 (Cumberland Cty. C.C.P.).[1] On March 22, 2011, he was sentenced to an aggregate term of 7 to 10 years imprisonment. *Id.* His conviction and sentence were affirmed on direct appeal by the Superior Court of Pennsylvania on May 11, 2012.[2] *Commonwealth v. Rivera-Montanez*, 50 A.3d 240 (Pa. Super. Ct. 2012) (table decision) (No. 707 MDA 2011). He did not file a petition for allocatur with the Supreme Court of Pennsylvania.

Rivera-Montanez filed a *pro se* PCRA petition in the Court of Common Pleas on or about July 31, 2012.[3] *Commonwealth v. Rivera-Montanez*, Docket No. CP-21-CR-0000749-2010 (Cumberland Cty. C.C.P.). On August 22, 2012, counsel was appointed to represent Rivera-Montanez with respect to his PCRA petition. *Id.* On November 16, 2012, counsel filed an amended PCRA petition.[4] *Id.* An evidentiary hearing on the PCRA petition was held on December 10, 2012.[5] On February 11, 2013, the PCRA

---

[1] (Doc. 9-1 (docket report); *see also* Doc. 9-5 (Rule 1925(a) opinion); Doc. 9-17 to -21 (trial transcripts)).

[2] (Doc. 9-7 (slip opinion); *see also* Doc. 9-2 (docket report)).

[3] (Doc. 9-8 (original petition)).

[4] (Doc. 9-9 (amended petition)).

[5] (Doc. 9-10 (PCRA transcript)).

court denied Rivera-Montanez's petition.[6] *Id.* The denial of his PCRA petition was affirmed on appeal by the Superior Court of Pennsylvania on November 18, 2013. *Commonwealth v. Rivera-Montanez*, 91 A.3d 1288 (Pa. Super. Ct. 2013) (table decision); *Commonwealth v. Rivera-Montanez*, No. 479 MDA 2013, 2013 WL 11250325 (Pa. Super. Ct. Nov. 18, 2013) (unpublished opinion).[7] Rivera-Montanez did not file a petition for allocatur with the Supreme Court of Pennsylvania.

Rivera-Montanez filed the instant *pro se* federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 5, 2013.[8] (Doc. 1; *see also* Doc. 11). On January 23, 2014, the respondent filed his answer to the petition (Doc. 9 & attachs.). On February 4, 2014, King filed his reply. (Doc. 10).

Rivera-Montanez subsequently filed a second *pro se* PCRA petition in the state trial court on or about December 26, 2013, which was dismissed by the PCRA court as untimely filed on April 24, 2014. *Commonwealth v.*

---

[6] (Doc. 9-13 (order); *see also* Doc. 9-12 (Rule 1925(a) opinion)).

[7] (Doc. 9-16 (slip opinion); *see also* Doc. 9-3 (docket report)).

[8] The instant petition was received and docketed by the Court on December 11, 2013, but it appears to have been deposited in the prison mail system on December 5, 2013, and thus effectively filed that day. *See* Rule 3(d), 28 U.S.C. foll. § 2254.

*Rivera-Montanez*, Docket No. CP-21-CR-0000749-2010 (Cumberland Cty. C.C.P.). The denial of this second PCRA petition was affirmed on appeal by the Superior Court of Pennsylvania on April 22, 2015. *Commonwealth v. Rivera-Montanez*, 121 A.3d 1138 (Pa. Super. Ct. 2015) (table decision); *Commonwealth v. Rivera-Montanez*, No. 834 MDA 2014, 2015 WL 7301701 (Pa. Super. Ct. Apr. 22, 2015) (unpublished decision). Rivera-Montanez petitioned the Supreme Court of Pennsylvania for allocatur, which was denied on September 21, 2015. *Commonwealth v. Rivera-Montanez*, 124 A.3d 309 (Pa. 2015) (table decision).

## B. Habeas Claims Presented

Liberally construed, *see generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a court's obligation to liberally construe *pro se* pleadings and other submissions, particularly when dealing with imprisoned *pro se* litigants), the *pro se* petition has asserted that Rivera-Montanez is entitled to relief under 28 U.S.C. § 2254 for the following reasons:

(1) Rivera-Montanez's conviction for possession with intent to deliver a controlled substance was based on insufficient evidence as a matter of law because no drugs were found on or around his

person, he had no prior history of drug offenses, he testified on his own behalf that he did not sell drugs, and no forensic evidence was presented to establish that any of the drugs in evidence had ever been in his physical possession;

(2) Rivera-Montanez was denied effective assistance of counsel in trial proceedings because his court-appointed trial counsel failed to inform him that the prosecution's witnesses would testify at trial, failed to inform him of the mandatory minimum sentence he was facing if convicted, failed to inform him of his options with respect to a plea deal, and failed to inform him that he did not have to take the stand to testify in his own defense;

(3) Rivera-Montanez was denied effective assistance of counsel in trial proceedings because his court-appointed trial counsel failed to object to allegedly improper remarks made during the prosecutor's closing argument; and

(4) Rivera-Montanez was denied effective assistance of counsel on direct appeal because appellate counsel failed to file an allocatur petition to the Supreme Court of Pennsylvania or, in the alternative, to provide Rivera-Montanez with notice or a copy of

the Superior Court decision affirming his conviction, thereby preventing him from filing a timely *pro se* petition for allocatur.

Although Rivera-Montanez raised claim 1 in his Rule 1925(b) statement of errors complained of on appeal, it was not addressed in either his appellate brief or the Superior Court's opinion on direct appeal.[9]

---

[9] Rivera-Montanez described his claim of error in sufficiency-of-the-evidence terms in his Rule 1925(b) statement, but his appellate brief subsequently framed his claim of error as a weight-of-the-evidence issue instead. (*Compare* Doc. 9-4 *with* Doc. 9-6). The Superior Court treated it as such and denied the weight-of-the-evidence claim on waiver grounds because Rivera-Montanez had failed to first raise the issue in a timely post-sentence motion in the trial court. (*See* Doc. 9-7). The instant federal habeas petition explicitly asserts an insufficient evidence claim. (*See* Doc. 1). We decline to construe it as also asserting an additional or alternative weight-of-the-evidence claim because "[a] federal habeas court has no power to grant habeas corpus relief because it finds that the state conviction is against the 'weight' of the evidence." *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985); *see also Marshall v. Lonberger*, 459 U.S. 422, 434 (1983) ("Title 28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them."); *Sporish v. Harlow*, Civil Action No. 12-4142, 2015 WL 10939692, at *19 (E.D. Pa. May 7, 2015) ("A claim that the verdict is against the weight of the evidence requires that the reviewing court reassess the credibility of the evidence presented at trial, which a federal habeas court is not empowered to do."). Moreover, a habeas petitioner's claim that his conviction was against the weight of the evidence is grounded in state rather than federal law, and thus it is not cognizable on federal habeas review. *See McKinnon v. Superintendent*, 422 Fed. App'x 69, 75 (2d Cir. 2011) ("[T]he argument that a verdict is against the weight of the evidence states a claim under state law, which is not cognizable on habeas corpus."); *Mobley v. Kirkpatrick*,
*(continued on next page)*

Rivera-Montanez raised claims 2 and 3 in his PCRA appeal to the Superior Court, which denied them on their merits. Although claim 4 was raised in his PCRA petition before the trial court, it was not presented to the Superior Court on collateral appeal.

## II. DISCUSSION

### A. Sufficiency of the Evidence

In claim 1, Rivera-Montanez contends that his conviction for possession with intent to deliver a controlled substance was based on insufficient evidence as a matter of law because the evidence adduced at trial did not establish his actual possession of any controlled substance. Although Rivera-Montanez's Rule 1925(b) statement initially described this claim of error on direct appeal as an insufficient evidence claim, his appellate brief framed the issue solely as a weight-of-the-evidence claim. The Superior Court's opinion affirming his conviction and sentence likewise dealt with this claim solely as a weight-of-the-evidence claim. Neither Rivera-Montanez's appellate brief nor the Superior Court opinion affirming his conviction and sentence made any reference to a sufficiency-

---

778 F. Supp. 2d 291, 311–13 (W.D.N.Y. 2011); *Horton v. Ercole*, 557 F. Supp. 2d 308, 324 (N.D.N.Y. 2008).

of-the-evidence claim.

Generally, for this Court to address the merits of a habeas petition, all of the claims contained in the petition must be exhausted. 28 U.S.C. § 2254(b). Ordinarily, "[t]he exhaustion requirement is satisfied only if the petitioner can show that he fairly presented the federal claim at each level of the established state-court system for review." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999) ("[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . ."). "'Fair presentation' of a claim means that the petitioner 'must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.'" *Holloway*, 355 F.3d at 714 (quoting *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)). A federal claim may be exhausted by presenting it either on direct appeal or in post-conviction PCRA proceedings. *See O'Sullivan*, 526 U.S. at 844 (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)). In Pennsylvania, a federal claim may be exhausted by presenting it to the Superior Court of Pennsylvania, either on direct appeal from a state criminal conviction or

on appeal from a PCRA court's denial of post-conviction relief. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, Order No. 218, 30 Pa. Bull. 2582 (Pa. May 9, 2000); Pa. R. App. P. 1114 historical notes (Order of May 9, 2000).

Here, Rivera-Montanez argues that his insufficient evidence claim was fairly presented to the Superior Court because it was addressed in his Rule 1925(b) statement on direct appeal, filed by court-appointed counsel. But while this claim may have been identified in his Rule 1925(b) statement, the claim was not "fairly presented" to the Superior Court on appeal because it was waived by his counsel's failure to develop the argument in his appellate brief. *Branthafer v. Glunt*, Civil Action No. 3:14-CV-00294, 2014 WL 10417817, at *3 (M.D. Pa. Dec. 23, 2014); *Glenn v. Wynder*, Civil Action No. 06-513, 2012 WL 4107827, at *42 (W.D. Pa. Sept. 19, 2012); *Colon v. Patrick*, No. Civ.A. 04-4622, 2005 WL 1459524, at *3 (E.D. Pa. June 17, 2005).

Nevertheless, if this claim were to be dismissed without prejudice for failure to exhaust, and Rivera-Montanez were to return to state court now to attempt to exhaust it in a PCRA petition, his PCRA petition would be

untimely and the matter would be dismissed by the state court pursuant to 42 Pa. Cons. Stat. Ann. § 9545(b). *See Keller v. Larkins,* 251 F.3d 408, 415 (3d Cir. 2001). Under this state statute, a PCRA petition must be filed "within one year of the date the judgment becomes final," subject to certain enumerated exceptions not applicable here. *See* 42 Pa. Cons. Stat. Ann. § 9545(b). "When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.'" *McCandless,* 172 F.3d at 260 (quoting 28 U.S.C. § 2254(b)(1)(B)(i)); *see also Coleman v. Thompson,* 501 U.S. 722, 732 (1991) ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."). Thus, for the purpose of this federal habeas petition, Rivera-Montanez's claim 1 is technically exhausted. *See Hurlburt v. Lawler,* Civil No. 1:CV-03-0665, 2008 WL 2973049, at *12 (M.D. Pa. Aug. 4, 2008).

"Even so, this does not mean that a federal court may, without more, proceed to the merits. Rather, claims deemed exhausted because of a state

procedural bar are procedurally defaulted . . . ." *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000). Generally, a federal court will not review a claim that is procedurally defaulted. *Johnson v. Folino*, 705 F.3d 117, 127 (3d Cir. 2013). A claim is procedurally defaulted when "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule." *Coleman*, 501 U.S. at 750. The one-year statute of limitations applicable to state PCRA proceedings has been held to be such an independent and adequate state procedural rule. *See Glenn v. Wynder*, 743 F.3d 402, 409 (3d Cir. 2014); *Banks v. Horn*, 49 F. Supp. 2d 400, 403–07 (M.D. Pa. 1999). *See generally Bronshtein v. Horn*, 404 F.3d 700, 708–10 (3d Cir. 2005) (discussing history and strict application of the PCRA statute of limitations since 1999).

Notwithstanding procedural default, a federal court may review a habeas claim where the petitioner can demonstrate cause for the default and actual prejudice as a result, or that failure to review the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *McCandless*, 172 F.3d at 260. It is the petitioner's burden to demonstrate circumstances excusing procedural default. *See Sweger v. Chesney*, 294 F.3d 506, 520 (3d Cir. 2002); *see also Coleman*, 501 U.S. at 750; *Lines*, 208

F.3d at 160. To demonstrate "cause" for a procedural default, the petitioner must show that "some objective factor external to the [petitioner's] defense impeded [his] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Meanwhile, to demonstrate "actual prejudice," the petitioner must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantive disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original); *Mutope v. Folino*, No. Civ. 3:CV-04-2053, 2005 WL 3132315, at *3 (M.D. Pa. Nov. 22, 2005)). Alternatively, to show that a fundamental miscarriage of justice will occur if the claims are not reviewed, a petitioner must present new evidence that he is actually innocent of the crime for which he has been convicted. *Cristin v. Brennan*, 281 F.3d 404, 412 (3d Cir. 2002); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) ("'[A]ctual innocence means factual innocence, not mere legal insufficiency."); *Schlup v. Delo*, 513 U.S. 298, 327 (1995) ("[A] petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.").

In his reply, Rivera-Montanez argues that any procedural default of this claim should be excused because his court-appointed appellate counsel was ineffective for failing to fully and properly develop this claim on direct appeal,[10] which he argues constitutes "cause" excusing the procedural default. *See Martinez v. Ryan*, 132 S. Ct. 1309, 1317 (2012) ("[A]n attorney's errors during an appeal on direct review may provide cause to excuse a procedural default; for if the attorney appointed by the State is ineffective, the prisoner has been denied fair process and the opportunity to comply with the State's procedures and obtain an adjudication on the merits of his claims."). But the record reveals that Rivera-Montanez did not present this ineffective assistance of appellate counsel argument to the Superior Court of Pennsylvania on appeal from the denial of his PCRA petition. As a result, this particular ineffective assistance of counsel claim

---

[10] Rivera-Montanez contends that PCRA counsel was ineffective as well for failing to advance the underlying ineffective assistance of appellate counsel claim. But under *Martinez*, defective performance by PCRA counsel may only constitute cause excusing procedural default of a Sixth Amendment ineffective assistance claim, which is ordinarily not amenable to review on direct appeal, effectively making initial-review PCRA proceedings "a prisoner's 'one and only appeal' as to an ineffective-assistance claim." *See Martinez*, 132 S. Ct. at 1315. With respect to other categories of federal habeas claims, deficient performance by PCRA counsel may not constitute cause to directly excuse procedural default of such claims. *See Coleman*, 501 U.S. at 755.

is itself procedurally defaulted and cannot constitute cause to excuse Rivera-Montanez's default of the substantive insufficient evidence claim. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Murray v. Carrier*, 477 U.S. 478, 488–89 (1986); *Kellum v. Pierce*, 24 F. Supp. 3d 390, 405–06 (D. Del. 2014). Moreover, the failure of PCRA counsel to raise this argument on appeal cannot itself constitute cause to excuse procedural default of the ineffective assistance of appellate counsel claim, as there is no constitutional right to counsel on appeal from an initial-review collateral proceeding. *See Martinez*, 132 S. Ct. at 1320; *Coleman*, 501 U.S. at 755; *Kellum*, 24 F. Supp. 3d at 405–06.

Accordingly, it is recommended that the petition be denied as procedurally defaulted with respect to Rivera-Montanez's claim 1.

## B. Ineffective Assistance of Trial Counsel

In claims 2 and 3, Rivera-Montanez contends that he was denied effective assistance of counsel in trial proceedings because his court-appointed trial counsel failed to inform him that the prosecution's witnesses would testify at trial, failed to inform him of the mandatory minimum sentence he was facing if convicted, failed to inform him of his options with respect to a plea deal, failed to inform him that he did not

have to take the stand to testify in his own defense, and failed to object to improper remarks made during the prosecutor's closing argument. These claims were denied on the merits by the Superior Court of Pennsylvania.

A federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d). In drafting this statute, Congress "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." *Williams v. Taylor*, 529 U.S. 362, 386 (2000); *see also Eley v. Erickson*, 712 F.3d 837, 846 (3d. Cir. 2013). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Williams*, 529 U.S. at 387. "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the

relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be [objectively] unreasonable." *Id.* at 411; *see also Eley*, 712 F.3d at 846. Moreover, any factual findings by the state trial and appellate courts are presumed to be correct, and the petitioner bears the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013); *Eley*, 712 F.3d at 846.

## 1. Failure to Adequately Inform or Advise Client

In claim 2, Rivera-Montanez contends that he was denied effective assistance of counsel in trial proceedings because his court-appointed trial counsel failed to inform him that the prosecution's witnesses would testify at trial, failed to inform him of the mandatory minimum sentence he was facing if convicted, failed to inform him of his options with respect to a plea deal, and failed to inform him that he did not have to take the stand to testify in his own defense.

In affirming the PCRA court's denial of post-conviction relief, the Superior Court rejected this claim on its merits, applying the three-pronged Pennsylvania standard for judging ineffectiveness claims set forth

in *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987),[11] which the Third Circuit and this Court have previously found to be substantively identical to the federal ineffectiveness standard enunciated by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Boyd v. Waymart*, 579 F.3d 330, 334 n.2 (3d Cir. 2009); *Werts v. Vaughn*, 228 F.3d 178, 203 (3d Cir. 2000); *Showers v. Beard*, 586 F. Supp. 2d 310, 321–22 (M.D. Pa. 2008); *accord Commonwealth v. Johnson*, 966 A.2d 523, 533 (Pa. 2009). Accordingly, this Court may not grant relief unless it determines that the state appellate court's decision on the merits was an unreasonable application of *Strickland*, or that it was based on "unreasonable factual determinations when deciding whether the petitioner received constitutionally effective counsel." *Showers*, 586 F. Supp. 2d at 322.

Under *Strickland*, a habeas petitioner is required to establish two elements to state a successful claim for ineffective assistance of counsel: (1) "that counsel's performance was deficient," and (2) "that the deficient

---

[11] The Superior Court decision actually cited to *Commonwealth v. Johnson*, 966 A.2d 523 (Pa. 2009), which set forth the three-pronged Pennsylvania standard with citation to both *Strickland* and *Pierce,* and which referred to this standard as "the *Strickland/Pierce* test." *Id.* at 533.

performance prejudiced the defense." *Strickland*, 466 U.S. at 687. The *Strickland* test is conjunctive and a habeas petition must establish both the deficient performance prong as well as the prejudice prong. *See id.* at 687; *Rainey v. Varner*, 603 F.3d 189, 197 (3d Cir. 2010). But, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697.

Counsel's performance is deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases. *Id.* at 687–89. This requires a showing "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 562 U.S. 86, 104 (2001) (quoting *Strickland*, 466 U.S. at 687). When a federal habeas petitioner advances an ineffective assistance of counsel claim that a state court has already rejected on its merits, he is faced with "the doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). Under this "doubly deferential" standard, the Court must "give[] both the state court and the defense attorney the benefit of the doubt." *Burt*, 134 S.

Ct. at 13. Indeed, a federal habeas court is "required not simply to give the attorney the benefit of the doubt, but to affirmatively entertain the range of possible reasons petitioner's counsel may have had for proceeding as he did." *Branch v. Sweeney*, 758 F.3d 226, 235 (3d Cir. 2014) (quoting *Cullen v. Pinholster*, 131 S. Ct. 1388, 1407 (2011)) (alterations omitted).

With respect to the prejudice prong of the *Strickland* test, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

In this case, the Superior Court considered Rivera-Montanez's ineffectiveness claim with respect to "trial counsel's alleged failure to adequately prepare [Rivera-Montanez] for trial, and for failing to inform [Rivera-Montanez] fully of his options regarding a guilty plea, as well as the applicability of mandatory minimums." *Rivera-Montanez*, 2013 WL 11250325, at *2. The state court denied this claim on its merits, finding that its disposition pivoted on credibility determinations within the exclusive province of the PCRA court. *See id.* The Superior Court noted that, following an evidentiary hearing at which both Rivera-Montanez and his trial counsel testified, the PCRA court below expressly ruled as follows:

"[F]inding the testimony of [trial counsel] to be credible, we are satisfied that the issues raised in the [PCRA petition] are without merit." *Id.* at \*1 (brackets in original). The Superior Court provided the following explanation of its own reasoning in affirming the PCRA court:

> [Rivera-Montanez] supports these claims by citing his testimony at the PCRA hearing, which trial counsel contradicted when he testified. As noted above, the PCRA court believed trial counsel's version of the contested facts. We cannot disturb this determination. *See Commonwealth v. Battle*, 883 A.2d 641, 648 (Pa. Super. [Ct.] 2005) (explaining that credibility determinations are solely within the province of the PCRA court). Thus, [Riveral-Montanez's] first issue is meritless.

*Id.*

Based on the record before the Superior Court, there is nothing to suggest that the Superior Court applied *Strickland* to the facts of this claim in an objectively unreasonable manner, nor is there anything to suggest an unreasonable determination of the facts by the state court. *See Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) ("[I]t is the habeas applicant's burden to show that the state court applied *Strickland* to the facts of the case in an objectively unreasonable manner.").

Accordingly, it is recommended that the petition be denied on the merits with respect to Rivera-Montanez's claim 2.

## 2. Failure to Object to Prosecutorial Misconduct

In claim 3, Rivera-Montanez contends that he was denied effective assistance of counsel in trial proceedings because his court-appointed trial counsel failed to object to improper remarks made during the prosecutor's closing argument. Rivera-Montanez has not described the particular remarks in either his petition or reply in this federal habeas case, but in his PCRA appellate brief, he highlighted the following allegedly improper remarks:

> On page 3 of the [transcript of the prosecutor's closing remarks], the [prosecutor] states, "individuals such as this" in referring to the defendant, then call[s] him a "supplier of cocaine" and 'seller' of cocaine, in effect calling him a drug dealer, which has a stigmatizing effect.
>
> On page 13 of the [transcript], . . . the Commonwealth twice states that "He wants you to believe . . ." in reference to the Defendant's testimony, in effect calling the Defendant a liar.
>
> On page 16 of the [transcript], . . . the Commonwealth asks the jury to "take him off the streets," referring to Defendant. This remark presupposes that Defendant is a drug dealer and paints a 'bad person' image onto Defendant that is rather contrary to the evidence which didn't appear to place Defendant's alleged activities "on the streets." Therefore it appears to have been offered primarily for its 'shock' or prejudice value.

(Doc. 9-15, at 16 (citations omitted)).

In affirming the PCRA court's denial of post-conviction relief, the Superior Court rejected this claim on its merits, once again applying the *Strickland/Pierce* standard. The Superior Court summarized the PCRA court's decision below:

> In dismissing this claim, the PCRA court, upon independent review of the Commonwealth's closing, agreed with PCRA counsel that there "was no merit to any allegations that there was either prosecutorial misconduct during (the closing argument) or ineffective [assistance of] counsel for not objecting to the same."

*Rivera-Montanez*, 2013 WL 11250325, at *2 (brackets in original). The Superior Court affirmed the PCRA court's denial of this claim, agreeing that the underlying claim of prosecutorial misconduct lacked arguable merit, and thus trial counsel's conduct was neither deficient nor prejudicial to Rivera-Montanez. The Superior Court provided the following explanation of its reasoning:

> Our standard of review for a claim of prosecutorial misconduct is limited to "whether the trial court abused its discretion." In considering such a claim, our attention is focused on whether the defendant was deprived of a fair trial, not a perfect one. This Court has observed:
>
>> Not every unwise remark on a prosecutor's part constitutes reversible error. Indeed, the test is a relatively stringent one. Generally speaking, a prosecutor's comments do not constitute reversible error unless the unavoidable effect of such

comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward Appellant so that they could not [weigh] the evidence objectively and render a true verdict. Prosecutorial misconduct, however, will not be found where the comments were based on evidence or proper inferences therefrom or were only oratorical flair. In order to evaluate whether comments were improper, we must look to the context in which they were made.

Moreover, "the prosecutor is permitted to respond to defense arguments and is free to present his or her case with logical force and vigor."

Appellant essentially asserts that the prosecutor called him a drug dealer and a liar, and "paint[ed] him as a bad man doing bad things out 'on the streets.'" Our review of the Commonwealth's closing reveals that Appellant improperly takes specific words or phrases used by the prosecutor during her closing statement out of context from the overall argument.

*Id.* at \*3 (citations omitted, brackets in original).

Based on the record before the Superior Court, there is nothing to suggest that the Superior Court applied *Strickland* to the facts of this claim in an objectively unreasonable manner,[12] nor is there anything to

---

[12] Nor is there anything in the record to suggest that the state court decision is an unreasonable application of *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974), which recognized that prosecutorial misconduct may "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process," *id.* at 643, or *Dowling v. United States*, 493 U.S. 342 (1990), which recognized that the introduction of improper evidence may

*(continued on next page)*

suggest an unreasonable determination of the facts by the state court. *See Woodford*, 537 U.S. at 25 ("[I]t is the habeas applicant's burden to show that the state court applied *Strickland* to the facts of the case in an objectively unreasonable manner.").

Accordingly, it is recommended that the petition be denied on the merits with respect to Rivera-Montanez's claim 3.

## C. Ineffective Assistance of Appellate Counsel

In claim 4, Rivera-Montanez contends that he was denied effective assistance of counsel on direct appeal because his appellate counsel failed to file an allocatur petition to the Supreme Court of Pennsylvania or, in the alternative, to provide Rivera-Montanez with notice or a copy of the Superior Court decision affirming his conviction, thereby preventing him from filing a timely *pro se* petition for allocatur.

Although claim 4 was raised in Rivera-Montanez's original and

---

at times be "so extremely unfair that its admission violates 'fundamental conceptions of justice,'" *id.* at 352. For due process to have been violated, "the prosecutorial misconduct must be 'of sufficient significance to result in the denial of the defendant's right to a fair trial.'" *Greer v. Miller*, 483 U.S. 756, 765 (1987). As the Superior Court noted, relying on state precedent that paralleled these federal decisions, its "attention [was properly] focused on whether the defendant was deprived of a fair trial, not a perfect one." *Rivera-Montanez*, 2013 WL 11250325, at *3.

amended PCRA petitions, it was not presented to the Superior Court on appeal from the denial of PCRA relief. Rivera-Montanez's Rule 1925(b) statement on PCRA appeal was limited solely to the ineffective assistance claims set forth in claims 2 and 3. Thus, Rivera-Montanez has failed to exhaust available state remedies. *See* 28 U.S.C. § 2254(b); *Holloway*, 355 F.3d at 714.

Notwithstanding Rivera-Montanez's failure to exhaust available state remedies with respect to this claim, we find this claim may be most efficiently disposed of by denying it on its merits. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). In *Ross v. Moffitt*, 417 U.S. 600 (1974), the Supreme Court of the United States expressly held that there is no constitutional right to counsel with respect to the pursuit of discretionary state appeals. *Id.* at 610–11. Because Rivera-Montanez has no constitutional right to the assistance of counsel in pursuing a discretionary state appeal, as a matter of law, he could not be deprived of the effective assistance of counsel by his appellate counsel's failure to file a petition for allocatur with the Supreme Court of Pennsylvania, nor by the

failure to provide him with notice or a copy of the Superior Court's decision so he could file a timely *pro se* petition for allocatur. *See Wainwright v. Torna*, 455 U.S. 586, 587–88 (1982) (per curiam).

Accordingly, it is recommended that the petition be denied on the merits with respect to Rivera-Montanez's claim 4.

## III. RECOMMENDATION

Based on the foregoing, it is recommended that the petition (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**. It is further recommended that the Court decline to issue a certificate of appealability, as the petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Buck v. Davis*, 137 S. Ct. 759, 773–75 (2017); *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated: November __13__, 2017

Joseph F. Saporito Jr.

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

- 26 -

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

FRANCISCO RIVERA-
MONTANEZ,

        Petitioner,

        v.

JOHN KERESTES,

        Respondent.

CIVIL ACTION NO. 3:13-cv-02964

(MARIANI, J.)
(SAPORITO, M.J.)

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the

foregoing Report and Recommendation dated November ___*13*___, 2017.

Any party may obtain a review of the Report and Recommendation

pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed
> findings, recommendations or report addressing a motion
> or matter described in 28 U.S.C. § 636(b)(1)(B) or making
> a recommendation for the disposition of a prisoner case
> or a habeas corpus petition within fourteen (14) days
> after being served with a copy thereof. Such party shall
> file with the clerk of court, and serve on the magistrate
> judge and all parties, written objections which shall
> specifically identify the portions of the proposed findings,
> recommendations or report to which objection is made
> and the basis for such objections. The briefing
> requirements set forth in Local Rule 72.2 shall apply. A
> judge shall make a de novo determination of those
> portions of the report or specified proposed findings or

recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Dated: November __13__, 2017

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge